IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**HERMAN ADDISON, JR.,**

    Plaintiff,

vs.                                        No.  3:14-cv-01405-DRH-SCW

**TRACY NEWTON**
**Illinois State Police Sex Offender**
**Registration Unit and WARDEN**
**ROECKMAN**

    Defendants.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

### I. INTRODUCTION

On December 23, 2014, plaintiff filed a complaint against Tracy Newton, Illinois State Police Sex Offender Registration Unit and Zach Roeckeman, Warden at The Big Muddy River Correctional Center. The plaintiff asserts that he was improperly forced to register as a sex offender in the State of Illinois. Plaintiff contends, *inter alia*, that the alleged improper registration violates his due process rights and is defamatory. Plaintiff seeks damages in the amount of $250,000.00 and removal from the Illinois sex offender registry.

Presently before the Court is the plaintiff's motion to proceed *in forma pauperis* (Doc. 2), motion for appointment of counsel (Doc. 3), and motion for service of process at government expense (Doc. 4).

## II.  ANALYSIS

**A. Motion for Pauper Status and Motion for Service at Government Expense**

By granting a motion for pauper status, a court authorizes a lawsuit to proceed without prepayment of fees. Under 28 U.S.C. § 1915(e)(2), the Court must screen any indigent's complaint (those filed by prisoners and non-prisoners alike) and dismiss the complaint if (a) the allegation of poverty is untrue, (b) the action is frivolous or malicious, (c) the action fails to state a claim upon which can be granted, or (d) the action seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Plaintiff's motion survives § 1915(e)(2) review. Plaintiff signed a declaration contained in his motion to proceed *in forma pauperis* documenting his poverty. The action appears to be neither frivolous nor malicious. *See Schepers v. Commissioner of Indiana,* 691 F.3d 909 (mistakes on a sex offender registry can implicate constitutionally protected liberty interests). At this point, the Court cannot conclude that the complaint fails to state a claim or that the named defendants are immune from suit.

Accordingly, the Court **GRANTS** the plaintiff's motion to proceed in *forma pauperis* (Doc. 2) and his motion for service of process at government expense (Doc. 4). The Court **DIRECTS** the Clerk's Office to send two blank USM–285 forms to plaintiff. Plaintiff must fill out these forms and return them to the Clerk's Office in order for the case to proceed. Once the Clerk receives the USM–285

forms, the Clerk will issue summonses for the defendants. Once the summonses are issued the Court **DIRECTS** the United States Marshal to obtain service on the defendants. Costs of service shall be borne by the United States of America.

**B. Motion for Appointment of Counsel**

As to plaintiff's motion for appointment of counsel, the Court finds that the plaintiff has not demonstrated under Seventh Circuit standards that he is entitled to appointed counsel at this time. A district court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). There is no constitutional or statutory right to counsel for a civil litigant, however. *Stroe v. Immigration and Naturalization Services*, 256 F.3d 498, 500 (7th Cir. 2001); *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). Appointment of counsel lies within the sound discretion of the trial court. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (*citing Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006)).

In determining whether to appoint counsel, the Court is directed to make a two-fold inquiry: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself." *Pruitt*, 503 F.3d at 654 (*citing Farmer v. Haas*, 990 F.2d 319, 321–22 (7th Cir.1993)). The first prong of the analysis is a threshold question. If a plaintiff has

made no attempt to obtain counsel on his own, the court should deny the request. *See Pruitt*, 503 F.3d at 655.

Based on the pleadings, the Court is unable to determine whether plaintiff made a reasonable attempt to obtain counsel. Plaintiff does not state which lawyers he has contacted or how he went about trying to find a lawyer. Plaintiff failed to respond to Question # 2 on the motion for recruitment of counsel. The Court notes that there is not a bright line test for compliance with this requirement. For example, calling a law office without having a meaningful discussion about the case does not qualify as an attempt to hire counsel on one's own in this Court's interpretation of the requirement.

Accordingly, the Court **DENIES** without prejudice the plaintiff's motion to appoint counsel (Doc. 3).

### III. CONCLUSION

For the reasons discussed herein, the Court **GRANTS** the plaintiff's motion to proceed in forma pauperis (Doc. 2) and his motion for service of process at government expense (Doc. 4). The Court **DIRECTS** the Clerk's Office to send two blank USM–285 forms as directed herein. The Court **DENIES** without prejudice the plaintiff's motion to appoint counsel (Doc. 3).

**FURTHER,** plaintiff is **ADVISED** pursuant to Rule 4(m) that this action may be dismissed without prejudice if service is not effected within 120 days of the date of this Order.

**IT IS SO ORDERED.**

**Signed this 5th day of January, 2015**

Digitally signed by
David R. Herndon
Date: 2015.01.05
16:12:00 -06'00'

**District Judge**
**United States District Court**