IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

HERMAN ADDISON, JR.,

    Plaintiff,

vs.                        No. 3:14-cv-01405-DRH-SCW

TRACY NEWTON
**Illinois State Police Sex Offender**
**Registration Unit and WARDEN**
**ROECKMAN**

    Defendants.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

### I. INTRODUCTION

On December 23, 2014, plaintiff filed a complaint against Tracy Newton, Illinois State Police Sex Offender Registration Unit and Zach Roeckeman, Warden at The Big Muddy River Correctional Center. The plaintiff asserts that he was improperly forced to register as a sex offender in the State of Illinois. Plaintiff contends, *inter alia*, that the alleged improper registration violates his due process rights and is defamatory. Plaintiff seeks damages in the amount of $250,000.00 and removal from the Illinois sex offender registry.

On January 6, 2015, the Court entered an order (1) granting the plaintiff's motion for leave to proceed *in forma pauperis,* (2) granting the plaintiff's motion for service at government expense, and (3) denying the plaintiff's motion for

appointment of counsel (Doc. 5). On January 12, 2015, the plaintiff filed a motion asking the Court to reconsider its decision regarding appointment of counsel (Doc. 7). In support of this motion, the plaintiff states that he has "talked to numerous attorneys" but has been unable to retain an attorney. He states that he is not a law student and requires the assistance of counsel in order to pursue his claims.

The plaintiff's motion to reconsider does not demonstrate that he is entitled to appointed counsel at this time. With regard to the appointment of counsel, it is important that the plaintiff understand the following.

**1. The plaintiff does not have a constitutional right to counsel in this case**

This case is a civil case and not a criminal case. Because this is a civil case, the plaintiff does not have a constitutional or statutory right to counsel.[1]

**2. The Court cannot force an attorney to represent the plaintiff**

Again, because this is a civil case and not a criminal case, the plaintiff does not have a constitutional or statutory right to counsel. If certain factors are present, the Court can *ask* an attorney to represent the plaintiff.[2] However, the

---

[1] *See Brown v. United States*, 74 Fed. Appx. 611, 614 (7th Cir. 2003); *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995) (*citing Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992)).
[2] 28 U.S.C. § 1915(e) provides that the court may *request* an attorney to represent any person unable to afford counsel. In determining whether counsel should be appointed the court must consider: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear

attorney does not have to say yes. The Court cannot force the attorney to represent the plaintiff.

### 3. The plaintiff must demonstrate a reasonable effort to obtain counsel

In determining whether to appoint counsel, one of the considerations is whether the plaintiff has made a reasonable attempt to obtain counsel.[3] The plaintiff states that he has spoken to numerous attorneys but has been unable to retain counsel. This is not enough information for the Court to make an assessment. The plaintiff, who is not currently incarcerated, is in a much better position to find his own legal representation than a plaintiff who is incarcerated. In order for the Court to determine whether the plaintiff has made a reasonable effort, the plaintiff needs to provide the Court with a list of the lawyers and law firms he has contacted and how he went about contacting them. After the Court has enough information to determine whether the plaintiff has made a reasonable effort to obtain counsel, the Court will assess whether the plaintiff is competent to litigate the case himself.

---

competent to litigate it himself." *Pruitt*, 503 F.3d at 654–55 (*citing Farmer v. Haas*, 990 F.2d 319, 321–22 (7th Cir. 1993)). *See also Gruenberg v. Kingsland*, No. 13–1218, 530 Fed. Appx. 583, 584 (7th Cir. 2013) (explaining that the court only had to consider whether, given the complexity of the issues, the plaintiff was competent to litigate the case).

[3] In determining whether counsel should be appointed, the court must consider: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself." *Pruitt*, 503 F.3d at 654–55 (*citing Farmer v. Haas*, 990 F.2d 319, 321–22 (7th Cir. 1993)).

In conclusion, because this is a civil case and not a criminal case, the plaintiff does not have a constitutional right to an attorney. However, if certain requirements are met, the Court may *ask* an attorney to represent the plaintiff. The Court cannot force an attorney to represent the plaintiff.

Before the Court will ask an attorney to represent the plaintiff, the Court must determine whether the plaintiff has made a reasonable attempt to retain counsel and whether the plaintiff is competent to litigate himself. In order for the Court to assess whether the plaintiff has made a reasonable attempt to retain counsel, the plaintiff must provide the Court with a list of the attorneys or law firms he has contacted and how he went about contacting them.

Accordingly, the Court **DENIES** without prejudice the plaintiff's motion to reconsider (Doc. 7).

**IT IS SO ORDERED.**

**Signed this 29th day of January, 2015**

Digitally signed by David R. Herndon
Date: 2015.01.29 12:14:09 -06'00'

**District Judge**
**United States District Court**