## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**HERMAN ADDISON, JR.,**

     Plaintiff,

**vs.**                           **No.  3:14-cv-01405-DRH-SCW**

**TRACY NEWTON, et al.,**

     Defendants**.**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

### I.  INTRODUCTION

On December 23, 2014, plaintiff Herman Addison, proceeding *pro se*, filed a complaint against Tracy (Tracie) Newton, Illinois State Police Sex Offender Registration Unit and Zach Roeckeman, Warden at The Big Muddy River Correctional Center. Addison asserts that he was improperly forced to register as a sex offender in the State of Illinois. Addison contends, *inter alia*, that the alleged improper registration violates his due process rights and is defamatory. Addison seeks damages in the amount of $250,000.00 and removal from the Illinois sex offender registry.

Presently before the Court is the Motion for Summary Judgment filed by defendants Newton and Warden Roeckeman (Doc. 37). Defendants filed a Memorandum in Support, supported by affidavits. (Doc. 38). Defendants served

upon the *pro se* plaintiff the notice required by *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir.1982). (Doc. 39 and Doc. 40). Subsequently, Addison filed his own Motion for Summary Judgment, attaching two exhibits (Doc. 46). In substance, Addison's pleading responds to the allegations in defendants' motion and includes a request for summary judgment in his favor. This is not proper protocol. However, rather than assume Addison failed to respond, the Court will treat Addison's pleading (Doc. 46) as a response and a motion for summary judgment. The defendants have not responded to Addison's motion for summary judgment. In light of Addison's failure to follow the usual protocol and the Court's leniency regarding the same, the Court will not penalize the defendants for their failure to respond.

Also pending is Addison's motion for voluntary dismissal with prejudice of defendant Zachary Roeckeman (Doc. 49). However, Addison subsequently filed a motion to withdraw his motion of voluntary dismissal (Doc. 51). Addison has also filed a motion for hearing (Doc. 56).

For the reasons discussed herein, the Court **GRANTS** summary judgment **in favor of the defendants**. Addison's cross motion for summary judgment is **DENIED**. All remaining motions are **DENIED** as **MOOT**.

## II.  BACKGROUND

The material facts are not in dispute. Addison was convicted of Assault with Intent to Commit Sexual Abuse (no injury) under Iowa Code Section 709.11 on

July 19, 1994. I.C.A. § 709.11   Addison was not required to register as a sex offender in Iowa because the Iowa sex offender registration law was not in effect at the time of the discharge of Addison's conviction.

On May 30, 2012, Addison was convicted of Domestic Battery, subsequent offense, a class 4 felony, 720 ILCS 5/12-3.2(a)(1), in St. Clair County, Illinois.[1] On December 5, 2014, Addison was released from Big Muddy Correctional Center. In December 2014, Newton, who was and is currently employed by the Illinois State Police as the Sex Offender Registration Unit Supervisor, determined Addison's prior convictions required Addison to register as a sex offender.[2] Newton further determined the Sex Offender Registration Act requires Addison to register as a sex offender for life.[3] On December 17, 2014, Newton informed Addison he was required to register as a sex offender.

Warden Roeckeman was and is currently employed by the Illinois Department of Corrections as Warden of Big Muddy Correctional Center. The only allegation directed against Warden Roeckeman is that Newton told Warden Roeckeman the prison should have informed Addison he was required to register as a sex offender. There are no other allegations directed against Roeckeman.

---

[1] Plaintiff claims he disputes this fact. However, the only asserted dispute is "that case [Domestic Battery] has not had its final disposition."
[2] Addison states he disputes this fact. However, the only asserted "dispute" is Addison's claim that Newton's determination regarding registration was improper.
[3] Addison states this fact does not apply to him, but does not dispute the stated material fact.

### III. LEGAL STANDARD

Summary judgment is appropriate under the Federal Rules of Civil Procedure when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The movant bears the burden of establishing the absence of factual issues and entitlement to judgment as a matter of law. *Wollin v. Gondert*, 192 F.3d 616, 621-22 (7th Cir. 1999). The Court must consider the entire record, drawing reasonable inferences and resolving factual disputes in favor of the non-movant. *Schneiker v. Fortis Ins. Co.*, 200 F.3d 1055, 1057 (7th Cir. 2000); *Baron v. City of Highland Park*, 195 F.3d 333, 337-38 (7th Cir.1999).

In response to a motion for summary judgment, the nonmovant may not simply rest on the allegations as stated in the pleadings. Rather, the nonmovant must show through specific evidence that an issue of fact remains on matters for which the nonmovant bears the burden of proof at trial. *Walker v. Shansky*, 28 F.3d 666, 670-71 (7th Cir.1994), *aff'd*, 51 F.3d 276 (*citing Celotex*, 477 U.S. at 324).

## IV.  ILLINOIS SEX OFFENDER REGISTRATION ACT

In Illinois, convicted sex offenders are subject to the Illinois Sex Offender Registration Act. 730 ILCS 150/1 *et seq.* Under the Registration Act a sex offender is required to provide his or her municipal or county law enforcement officials with certain information, including his or her current address and phone number, photograph, place of employment, employer's telephone number, school attended, and e-mail address. 730 ILCS 150/3. If adjudicated a sexually dangerous or violent person or a sexual predator, an offender must register for his or her entire life. 730 ILCS 150/7. Otherwise, a sex offender's duty to register lasts for a period of 10 years after conviction or adjudication if not incarcerated, or for 10 years following parole, discharge or release from confinement (*id.*).

Section 2 of the Registration Act defines the term "sex offender." 730 ILCS 150/2. Pursuant to Section 2 of the Registration Act, the term "sex offender" means any person who is charged pursuant to Illinois law or "any substantially similar" sister state law with a "sex offense." Section 2(B) of the Registration Act delineates violations of the Illinois Criminal Code that constitute a sex offense under the Registration Act. One of the delineated violations is Attempted Criminal Sexual Assault or an offense of the law of another state that is "substantially equivalent" to attempted criminal sexual assault under the Illinois Criminal Code.

Section 2(E) of the Registration Act defines the term "sexual predator." Relevant here is Section 2(E)(7) which expands the definition of "sexual predator"

to include individuals who committed an offense listed in Section 2(E)(1) before July 1, 1999, and who have been "convicted of a felony offense after July 1, 2011." 730 ILCS 150/2(E)(7). One of the offenses identified in Section 2(E)(1) is Attempted Criminal Sexual Assault under the Illinois Criminal Code or of the law of another state that is "substantially equivalent" to Attempted Criminal Sexual Assault under the Illinois Criminal Code.

In the instant case, Newton determined that Addison's 1994 Iowa conviction for Assault with Intent to Commit Sexual Abuse (no injury) was substantially equivalent to Attempted Criminal Sexual Assault under the Illinois Criminal Code. Newton concluded that the equivalent Section 2(E)(1) offense (occurring prior to July 1, 1999) combined with Addison's felony Domestic Battery conviction (occurring after July 1, 2011) established Addison's status as a sexual predator under Illinois law and required Addison to register as a sex offender for life in Illinois.

## V.  RETROACTIVE EFFECT OF THE ILLINOIS SEX OFFENDER REGISTRATION ACT

Addison argues that because the Registration Act was enacted after his 1994 Iowa conviction it does not apply to him. This argument is without merit. The Registration Act has retroactive effect. *See People v. Malchow,* 193 Ill.2d 413, 418-419, 250 Ill. Dec. 670, 739 N.E.2d 433 (2000). Furthermore, the retroactive effect of the Registration Act does not violate the constitutional prohibitions against *ex post facto* laws. *See Smith v. Doe,* 538 U.S. 84, 123 S.Ct. 1140, 155

L.Ed.2d 164 (2003) (determining that Alaska's Sex Offender Registration Act did not violate federal *Ex Post Facto Clause*). Like Alaska's Sex Offender Registration Act, the Illinois Sex Offender Registration Act is not punitive in nature and is designed to protect the public. *See Malchow*, 193 Ill.2d at 418, 250 Ill.Dec. 670, 739 N.E.2d 433.

## VI. ANALYSIS

### A. Constitutional Claims

#### 1. Warden Roeckeman is not "personally responsible" and is entitled to summary judgment

Liability under § 1983 arises only when a plaintiff can show that a defendant was "personally responsible for a deprivation of a constitutional right." *Vance v. Peters*, 97 F.3d 987, 992 (7th Cir. 1996). Here, plaintiff does not allege Warden Roeckeman was personally responsible for the alleged deprivation of his constitutional rights. The following is the only allegation directed against Warden Roeckeman: "Upon speaking to [Newton] After my release from prison, [Warden Roeckeman] stated that I was told to register as a sex offender by big muddy river [correctional] center which has never informed cause I would of told them that law does not apply to me and would of provided documents on my behalf." (Doc. 1 p. 2). Moreover, the undisputed facts demonstrate the Illinois State Police make the determination regarding who is required to register as a sex offender.

Accordingly, Warden Roeckeman is entitled to summary judgment as to the plaintiff's constitutional claims.

**2. Defendants are entitled to summary judgment on plaintiff's equal protection/due process claims**

Plaintiff fails to establish that he was treated less favorably than other similarly situated persons or groups—an essential element of the equal protection analysis. *See, e.g., Moore v. State of Missouri*, 159 U.S. 673, 16 S.Ct. 179, 40 L.Ed. 301 (1895); *Tigner v. Texas*, 310 U.S. 141, 147, 60 S.Ct. 879, 84 L.Ed. 1124 (1940); *see also Marin–Garcia v. Holder*, 647 F.3d 666, 673 (7th Cir. 2011). Here, plaintiff merely asserts, in a conclusory fashion, that requiring him to register "violates [his] constitutional right to equal protection of law as well as due process." Thus, plaintiff has failed to even allege, let alone establish, that the law is being applied differently to those similarly situated to him.

The plaintiff appears to be asserting an "as applied" due process challenge. The "Supreme Court has instructed that when conviction for a listed sex crime triggers registration in a sex offender registry, the procedural protections afforded the defendant prior to conviction are sufficient to establish the defendant's duty to register." *Steward v. Folz,* 190 Fed. Apps. 476, 479 (7th Cir. 2006) (unpublished) *citing Conn. Dep't of Pub. Safety v. Doe*, 538 U.S. 1, 7, 123 S.Ct. 1160, 155 L.Ed.2d 98 (2003). This analysis controls the present case and defeats any procedural due process claim asserted by Addison. Addison was required to register on the basis of his convictions. The criminal proceedings leading up to Addison's convictions provided the necessary procedural due process.

## B. Qualified Immunity

"Government officials performing discretionary functions are shielded from damage liability insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). With regard to qualified immunity, the Supreme Court has articulated a two-part test: (1) whether the facts, taken in the light most favorable to the plaintiff, show that the defendants violated a constitutional right; and (2) whether the constitutional right was clearly established at the time of the alleged violation. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable official that his conduct was unlawful in the situation he confronted. *Id.* at 202. An official who makes a reasonable mistake as to what the law requires is entitled to the defense of qualified immunity. *Id.* at 205.

Here, the undisputed facts demonstrate that neither Newton nor Roeckeman intentionally required Addison to register as a sex offender with knowledge he was not required to register. The undisputed facts demonstrate Newton determined, under 730 ILCS 150/2 (E)(7), Addison met the definition of a "sexual predator" (because he had been convicted of committing a substantially equivalent offense listed in section 2(E)(1) before July 1, 1999, and had been convicted of a felony offense after July 1, 2011). The available evidence indicates that Newton's conduct was lawful. Moreover, even if her interpretation were

ultimately determined to be mistaken (and the Court is not saying that it was), it would be a reasonable mistake in light of Addison's prior convictions.

### C. Defamation

To prove defamation, a plaintiff must show (1) the defendant made a false statement about the plaintiff, (2) there was an unprivileged publication to a third party with fault by the defendant, and (3) the publication damaged the plaintiff. *Vickers v. Abbott Laboratories*, 308 Ill. App. 3d 393, 400 (1999). Here, any defamation action by Addison fails because, as is described herein, he is required to register as a sex offender. Additionally, the doctrine of public official immunity shields defendant Newton from liability as to plaintiff's defamation claim. *See Currie v. Lao,* 148 Ill. 2d 151, 166 (1992*); Lenz v. Julian,* 276 Ill. App. 3d 66, 72 (1995).

## VII.  CONCLUSION

For the reasons discussed herein, the Court **GRANTS** summary judgment

in favor of the defendants. Addison's cross motion for summary judgment is **DENIED**. All remaining motions are **DENIED** as **MOOT**. The Court **DIRECTS** the Clerk to enter judgment accordingly.

**IT IS SO ORDERED.**

**Signed this 30th day of November, 2015**

Digitally signed by
Judge David R. Herndon
Date: 2015.11.30
13:33:36 -06'00'

**United States District Court**